IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMAD ABUSADEH, ) <br> ) <br> Plaintiff. ) <br> ) <br> v. ) <br> ) <br> DEPARTMENT OF HOMELAND ) <br> SECURITY, et. al., ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 06-2014 (CKK) |

**DEFENDANTS' MOTION TO STAY DISCOVERY DURING PENDENCY
OF DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE,
FOR CHANGE OF VENUE AND MEMORANDUM IN SUPPORT**

Plaintiff brought this civil action to compel action on an application for naturalization filed by the Plaintiff and to compel action on an application to replace an alien registration card. The applications were filed and remain within the jurisdiction of the Defendants who Plaintiff alleges improperly withheld action on said applications to Plaintiff's detriment. Complaint ¶ 2.

Both the adjudication of Plaintiff's naturalization application and adjudication of Plaintiff's Form I-90 application to replace his alien resident card are issues adjudicated at the United States Citizenship and Immigration Services (USCIS) office where the Plaintiff resides. Plaintiff resides in Houston, Texas. Complaint ¶ 5. Defendants moved to dismiss this civil action for lack of proper venue, or alternatively, to transfer venue back to the United States District Court, Southern District of Texas, Houston, Division.

Defendants argued that Defendant USCIS cannot approve Plaintiff's naturalization application unless and until all mandatory background checks have been completed and

favorably resolved in Plaintiff's favor. Defendants attached to their Motion the Declaration of Sharon A. Hudson, District Director, Houston, Texas Office, United States Citizenship and Immigration Services, Department of Homeland Security.

Defendants also moved to dismiss this case for lack of subject matter jurisdiction or to remand this matter to defendant USCIS for completion of mandatory background checks.

On March 5, 2007, Plaintiff Abusadeh served a Notice of Oral Deposition of Sharon A. Hudson and Subpoena Duces Tecum upon Defendants, demanding Ms. Hudson's attendance at a deposition to commence on March 13, 2007 and everyday thereafter until completed, such deposition to be taken by stenographic recording. *See* attached Exhibit 1.

Defendants now file this Motion, asking the Court to stay discovery. The parties have not filed a Joint Rule 16.3 Statement in this case, which sets forth a discovery schedule. This Court has not issued a Scheduling Order in this case which grants authority to conduct discovery. *See* Local Civil Rule 16.4.[1]

In addition, the Deposition Notice directed to USCIS does not seek information that is necessary to respond to Defendants' Motion to Dismiss, or for a Change of venue. Moreover, discovery is unnecessary and an undue burden at this stage of the case given the filing of Defendants' dispositive motion. Accordingly, discovery should be stayed in this case.

---

[1] Plaintiff's counsel was contacted with regard to this Motion. Counsel did not hear back from Plaintiff's Counsel prior to the filing of this Motion.

**FACTUAL BACKGROUND**

Plaintiff Mohammad Abusadeh is a lawful permanent resident of the United States who has filed an application for naturalization with the United States Citizenship and Immigration Services (USCIS). Abusadeh's application has been pending since April 13, 2004.

On August 17, 2004, Defendant USCIS interviewed Abusadeh, after completion of mandatory fingerprinting and Interagency Border Inspection System (IBIS) name checks, but prior to receipt of the mandatory national security background name check results that are performed by the Federal Bureau of Investigation (FBI), commonly referred to as the "FBI name check."

On August 17, 2006, Plaintiff Abusadeh filed a petition pursuant to 8 U.S.C. § 1447(b) in the United States District Court for the Southern District of Texas, Houston Division, claiming that more than 120 days had passed since the initial USCIS interview and requesting that the court assume jurisdiction over the matter, hold a hearing on his naturalization application, and naturalize him.

On August 23, 2006, the District Court Judge remanded the matter to Defendant USCIS because the matter was not ripe for review because mandatory background checks were not complete.

**ARGUMENT**

A.     **The Court should order discovery stayed until the Court decides Defendants' Motion to Dismiss or in the Alternative for a Change of Venue.**

In the instant case, Defendants have moved this Court to dismiss this civil action because (1) this case was already decided by the United States District Court, Southern District of Texas,

Houston Division and is therefore *res judicata*; (2) venue is improper because Plaintiff resides in Houston, Texas, and the USCIS office with jurisdiction over the naturalization application is located in Houston, Texas; (3) mandatory FBI background checks remain pending, *see* Public Law 105-119, Title I, 111 Stat. 2448, Nov. 26, 1997 (no government funds may be used to complete adjudication of a naturalization application until full FBI background checks have been completed), and thus the matter is not ripe for a hearing or decision on the naturalization application; (4) Plaintiff Abusadeh has failed to comply with Federal Rules of Civil Procedure Rule 26(d) because the parties have not yet conferred as required by Rule 26(f); *see also* Local Civil Rule 16.4.

As a general matter, the Court has broad discretion to deny or limit discovery in order to protect a party from undue burden or expense, and to promote a case's efficient resolution. See Fed. R. Civ. P. 26(c); see, e.g., Brennan v. Local Union No. 639, 494 F.2d 1092, 1100 (D.C. Cir. 1974); Brune v. IRS, 861 F.2d 1284, 1288 (D.C. Cir. 1988); Gallella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973). Such an order may provide, *inter alia*, that discovery not be had, that it be delayed, or that it be had only by a method other than that selected by the asking party. Fed. R. Civ. P. 26(c)(1)-(3). Given this broad discretion, the Court "should not hesitate to exercise appropriate control over the discovery process." Herbert v. Lando, 441 U.S. 153, 177 (1979); accord Laborers Int'l Union of North America v. Department of Justice, 772 F.2d 919, 921 (D.C. Cir. 1984).

It is entirely appropriate for a Court to stay discovery, where there is a dispositive motion pending because it is logical that

> when, as here, the determination of a preliminary question
> may dispose of the entire suit, applications for discovery

> may properly be deferred until the determination of such questions.

O'Brien v. Arco Corp., 309 F. Supp. 703, 705 (S.D.N.Y. 1969); see also Founding Church of Scientology v. United States Marshals Service, 516 F. Supp. 151, 156 (D.D.C. 1980); Equal Employment Opportunity Comm'n v. Local Union No. 3, 416 F. Supp. 728, 738 (N.D. Cal.1975) (discovery stayed pending resolution of jurisdiction question); Cannon v. United Ins. Co. of Am., 352 F. Supp. 1212, 1214-15 (D.S.C. 1973) (inappropriate to order extensive discovery pending resolution of jurisdiction). Further, where, as here, one or more issues may be dispositive of a case, it is proper to stay discovery on other issues until the dispositive issue or issues have been decided. See, e.g., Enplanar, Inc. v. Marsh, 11 F.3d 1284, 1291 (5th Cir.) (district court did not abuse discretion in staying discovery until motion for change of venue was resolved), cert. denied, 513 U.S. 926 (1994); Ingram Corp. v. J.R. McDermott & Co., 698 F.2d 1295, 1304 n.13 (5th Cir. 1983); Abraham v. Volkswagen of Am., Inc., 795 F.2d 238, 246 (2d Cir. 1986) (courts should determine jurisdiction before conducting discovery); Thompson v. F.W. Woolworth Co., 508 F. Supp. 520, 521 (N.D. Miss. 1980) (no discovery until question of personal jurisdiction resolved).

     Here, no discovery is needed for the Court to rule on Defendants' motion to dismiss for lack of venue or subject matter jurisdiction or alternatively to remand to USCIS. Defendant USCIS seeks remand of the naturalization application so that the agency charged with the expertise and responsibility to ensure the eligibility of a naturalization application to obtain the United States citizenship meets every prerequisite to citizenship, including the favorable resolution of possibly derogatory information received during investigation of mandatory background checks. Plaintiff cannot show that any discovery would be required for the Court to

assess whether the Court or Defendant USCIS is better equipped to investigate and resolve background checks of naturalization applicants. *Manzoor v. Chertoff*, ___ F.Supp.2d ___, ___, 2007 W 413227, *7 (E.D. Va. Feb. 5, 2007). The naturalization inquiry, which necessarily includes the need to interpret the results of the requisite background checks, has been entrusted by Congress to CIS. *Id*. "Just as the 'name check' and 'fingerprint check' are best left to the FBI, the review of the results of the mandatory background checks and any follow-up questioning of an applicant are best left to CIS." *Id*. The USCIS is unable to complete its adjudication of the application because the FBI's investigation has been delayed by the sheer volume of name check submissions received. *See id.* at 2007 WL 413227, *2 (reporting that the FBI processed more than 3.4 million name checks in fiscal year 2006). Accordingly, Defendants should be relieved of the undue burden, annoyance and expense of responding to discovery, including making objections, during the pendency of defendants' dispositive motion in this case.

        Respectfully submitted,

        __/s/_____
        JEFFREY A. TAYLOR, D.C. BAR # 498610
        Assistant United States Attorney


        __/s/_____
        RUDOLPH CONTRERAS, D.C. Bar # 434122
        Assistant United States Attorney


        _/s/_____
        WYNEVA JOHNSON, DC Bar #278515
        Assistant United States Attorney
        555 4th Street, N.W., E-4106
        Washington, D.C. 20530

Of Counsel:
Pauline A. Appelbaum
Associate Regional Counsel
Department of Homeland Security
United States Citizenship and Immigration Services
Houston, Texas

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| MOHAMMAD ABUSADEH )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MICHAEL CHERTOFF, SECRETARY, )<br>DEPT. OF HOMELAND SECURITY, <u>et</u>. <u>al</u>. )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. 06-2014 (CKK) |

**ORDER**

UPON CONSIDERATION of the Defendants' Motion to Stay Discovery, any Opposition thereto, and the entire record in this matter, it is by the Court this ____ day of March, 2007, hereby

ORDERED that the said motion be and hereby is granted; and it is

FURTHER ORDERED a stay of all discovery proceedings until further order of the Court.

_____
UNITED STATES DISTRICT JUDGE

Attorney for Defendants

Wyneva Johnson
Assistant United States Attorney
555 4th Street, E-4106
Washington, D.C. 20530

Attorneys for Plaintiff

Jonathon S. Rochkind
Smith, Hudson & Carluzzo, P.C.
9300 West Courthouse Road
Judiciary Sqaure - Suite 203
Manassas, Virginia 20110

Bruce A. Coane
Ajay Choudhary
James P. McCollum, Jr
3D/International Tower
1900 West Loop South
Suite 820
Houston, Texas 77027-3206

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MOHAMMAD ABUSADEH, § <br> § <br> *Plaintiff* § <br> § <br> v. § <br> § <br> DEPARTMENT OF HOMELAND § <br> SECURITY, THROUGH ITS § <br> SECRETARY, MICHAEL CHERTOFF, § <br> EMILIO GONZALEZ, DIRECTOR, § <br> UNITED STATES CITIZENSHIP AND § <br> IMMIGRATION SERVICES (USCIS), § <br> SHARON HUDSON, DISTRICT § <br> DIRECTOR, HOUSTON, USCIS, AND § <br> ROBERT MUELLER, DIRECTOR, § <br> FEDERAL BUREAU OF § <br> INVESTIGATION, § <br> § <br> *Defendants* § | Civil Action No. 06-2014 (CKK) |

## PLAINTIFF'S NOTICE OF ORAL DEPOSITION OF SHARON A. HUDSON AND SUBPOENA DUCES TECUM

TO:   DEPARTMENT OF HOMELAND SECURITY, THROUGH ITS SECRETARY, MICHAEL CHERTOFF, EMILIO GONZALEZ, DIRECTOR, UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES (USCIS), SHARON HUDSON, DISTRICT DIRECTOR, HOUSTON, USCIS, AND ROBERT MUELLER, DIRECTOR, FEDERAL BUREAU OF INVESTIGATION, by and through their attorney of record, Wyneva Johnson, Assistant United States Attorney, Judiciary Center Building, 555 4th Street, NW, Civil Division, Washington, D.C. 20530, Fax (202) 514-8780.

Take notice that the deposition of Sharon A. Hudson, District Director, Houston, USCIS, 126 Northpoint Drive, Houston, Texas 77060 will be taken, to be used as evidence at the trial of such cause, and that such deposition will be so taken in the Law Offices of COANE AND ASSOCIATES, 3D/International Tower, 1900 West Loop South, Suite 820, Houston, Texas, 77027 on March 13, 2007 commencing at 3:30 p.m. This Notice is served as required by the Federal Rules of Civil Procedure. The Deponent is hereby instructed to appear at the deposition. Furthermore, the undersigned attorney gives notice that the deposition will be taken by

stenographic recording and may be videotaped. The deposition will continue from day to day until completed.

At the time of the deposition, Sharon A. Hudson will bring with her and produce the following: (1) any and all documents related to Mohammad Abusadeh in any way including his "A" file, and (2) any and all documents supporting the affidavit made by Hudson in this case.

Respectfully submitted,


/s/ Jonathan S. Rochkind
Jonathan S. Rochkind
Smith, Hudson & Carluzzo, P.C.
9300 West Courthouse Road
Judiciary Square – Suite 203
Manassas, Virginia 20110
(703) 361-0776 ext 107
DC Bar ID number 425185


COANE & ASSOCIATES


/s/ James P. McCollom, Jr.
Bruce A. Coane
SBOT No. 04423600
Fed. ID. # 7205 (S.D. Tex)
Ajay Choudhary
SBOT No. 90001623
Fed. ID. # 21837 (S.D. Tex)
James P. McCollom, Jr.
SBOT No. 13431960
Fed. ID. # 12592 (S.D. Tex)
3D/International Tower
1900 West Loop South
Suite 820
Houston, TX 77027-3206
713-850-0066
713-850-8528  FAX

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of Plaintiff's Notice of Oral Deposition of Sharon A. Hudson was served via U.S. mail on the 5th day of March, 2007, to the following:

Ms. Wyneva Johnson
Assistant U.S. Attorney
Judiciary Center Building
555 4th Street, NW
Civil Division
Washington, DC 20530
wyneva.johnson@usdoj.gov

/s/ James P. McCollom, Jr.
James P. McCollom, Jr.