**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| MOHAMMAD ABUSADEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 06-CV-02014 (CKK) |
| | ) | |
| DEPARTMENT OF HOMELAND | ) | |
| SECURITY, et al | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE
OPPOSING DEFENDANTS' MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR CHANGE OF VENUE**

Plaintiff is a native of Kuwait and a citizen of Jordan whose nonimmigrant student status was adjusted to a lawful permanent resident of the United States on November 13, 1992. On August 17, 2004, Defendant United States Citizenship and Immigration Services, Department of Homeland Security (USCIS) interviewed Plaintiff in connection with a Form N-400 application for naturalization filed on April 13, 2004. The name check request for Plaintiff Mohammad Abusadeh was received by the Federal Bureau of Investigation (FBI) from USCIS on or about April 28, 2004, and has not been completed. See Declaration of Michael A. Cannon, Section Chief, National Name Check Program Section, Headquarters, Federal Bureau of Investigation, Washington, D.C. ¶22, Exhibit D to Defendants' Motion to Dismiss, or in the Alternative, for Change of Venue. (Defendants' Motion). The name check is still pending as of June 1, 2007. See Supplemental Declaration of Sharon A. Hudson, District Director, Houston, Texas Office, United States Citizenship and Immigration Services, Department of Homeland Security. Defendant

USCIS cannot approve Plaintiff's naturalization application unless and until all mandatory background checks have been completed and favorably resolved in Plaintiff's favor.  See Declaration of Sharon A. Hudson, District Director, Houston, Texas Office, United States Citizenship and Immigration Services, Department of Homeland Security, Exhibit B to Defendants' Motion.

Plaintiff Mohammad Abusadeh brings this civil action " to compel action on an application for naturalization" and asserts that the application remains within the jurisdiction of the Defendants who have improperly withheld action on (his naturalization application) to Plaintiff's detriment." Complaint ¶2.

Plaintiff previously filed this lawsuit in the United States District Court, Southern District of Texas, Houston Division.  In that case, the Court issued an  Order of Remand issued on August 23, 2006.

Plaintiff's current civil action before this Court is identical to the action filed in the United States District Court, Southern District of Texas, Houston Division, except that Plaintiff has now additionally sought to compel action on his application to replace an alien registration card.

The adjudication of Plaintiff's naturalization application is an issue adjudicated at the USCIS office where the Plaintiff resides. Plaintiff resides in Houston, Texas. Complaint ¶5.

Defendants moved to dismiss this civil action for lack of proper venue, or to transfer venue back to the United States District Court, Southern District of Texas, Houston, Division.

Defendants also moved to dismiss this case for lack of subject matter jurisdiction or to remand this matter to defendant USCIS for completion of mandatory background checks.

In response, Plaintiff now also appears to challenge the FBI's policies with regard to mandatory name checks. Plaintiff's complaint, however, does not challenge the FBI's policies with regard to mandatory name checks.

## I.   Venue Should Be Transferred to the United States District Court, Southern District of Texas, Houston Division.

The only defendant named in this civil action with jurisdiction and authority to adjudicate a naturalization application is Defendant USCIS. Plaintiff's claim that the FBI's location in Washington, D.C. provides venue is therefore without merit. Further, adjudication of naturalization applications occurs in the USCIS District Office where the applicant resides, not in Washington D.C. See 8 C.F.R. § 316.3. Plaintiff argues that he "simply wants the agency to make a decision on his application." (Plaintiff's Response 10.) Yet Plaintiff's Complaint specifically asks this Court to order USCIS to grant the naturalization application, (Plaintiff's Complaint, 33) , and that decision is made in the local USCIS District Office. Therefore, venue is more proper in the local USCIS office where Plaintiff resides, the USCIS decision makers reside, and where the application must be adjudicated.

Further, Plaintiff argues that USCIS policy whether to seek expediting of an FBI name check is made in Washington D.C. (Plaintiff's Response 10; Plaintiff's Ex. C.) Exhibit C, however, demonstrates that the decision whether to expedite a particular applicant's mandatory FBI name check is made at the local level by the USCIS District Director in the USCIS District Office where Plaintiff Abusadeh resides. The local USCIS District Director, in reaching a decision whether to seek expediting of a particular applicant's naturalization application, must carefully evaluate and assess the designated criteria to determine whether a particular applicant

3

should be placed to the front of the line ahead of other applicants who have been waiting longer.

The local USCIS District Director maintains local records demonstrating the large numbers of

applications where the FBI name checks have been completed and USCIS adjudications

completed as compared to the very small number of applicants awaiting completion of the

mandatory background checks.  The local USCIS District Director must utilize the criteria

contained in Plaintiff's Exhibit C to determine whether a particular applicant merits moving to

the front of the line, such as military deployment, or significant and compelling reasons such as

critical medical conditions, or loss of social security or other subsistence benefits, none of which

is demonstrated in the instant lawsuit.  This discretionary decision by the local USCIS District

Director must be exercised carefully to ensure fair and equal treatment to all applicants for

naturalization.  Again, these decisions are made, in Plaintiff Abusadeh's case, at the local USCIS

District Office in Houston, Texas.  The FBI has no decision making authority in this USCIS

decision whether to seek an expedite on behalf of a particular applicant.  In short, all adjudicative

decisions are made in the local USCIS Houston, Texas, District Office. See Supplemental

Declaration of Sharon A. Hudson.

Further, Plaintiff's claim that there are no contested facts concerning the naturalization

application is inaccurate.  Although an applicant may have satisfied several of the elements for

naturalization, including the required number of years as a permanent resident, proficiency in the

English language, and knowledge about the United States government, issues remaining for

adjudication include whether the applicant has established that during the relevant periods he has

been and still is a person of good moral character, that he is attached to the principles of the

Constitution of the United States, and that he is well disposed to the good order and happiness of

the United States.  The latter three elements are required by 8 U.S.C. § 1427(a)(3), and they are often the most difficult ones to resolve.  Until mandatory criminal and national security background checks are favorably completed, Plaintiff Abusadeh cannot demonstrate compliance with the requirements of 8 U.S.C. § 1427(a)(3).

Inasmuch as the adjudication of Plaintiff Abusadeh's naturalization application is determined at the local USCIS Houston District Office, venue should be transferred to Houston, Texas.  28 U.S.C. § 1404(a) does not require a demonstration that venue is completely inappropriate where Plaintiff filed his lawsuit, but that venue is more proper in the local area where Plaintiff argues that his alleged harm has occurred.  This Court should transfer venue to Houston, Texas, as proper venue lies in the Houston, Texas, jurisdiction both because that is where Plaintiff resides, that is where the naturalization application must be adjudicated, and that is where the USCIS decision makers reside.  28 U.S.C. § 1406(a).

**II.    The decisions and actions of USCIS to withhold adjudication of a naturalization application until the favorable completion of all mandatory criminal and national security background checks fall within discretionary statutes and regulations for which 8 U.S.C. § 1252(a)(2)(B)(ii) strips this Court of jurisdiction.**

The Secretary of Homeland Security is charged with the administration and enforcement of all laws relating to the immigration and naturalization of aliens and to maintain direct and continuous liaison with the FBI and CIA and with other internal security officers of the United States for the purpose of enforcing the immigration laws in the interest of the internal and border security of the United States.  8 U.S.C. §§ 1103; 1105.  Further, the Secretary of Homeland Security shall establish such regulations, issue such instructions, and perform such other acts as he deems necessary for carrying out his authority.  Id.  Naturalization applications require an FBI

5

name check, and the immigration regulations provide that the FBI name check is a part of the application itself.  8 C.F.R. §§ 103.2(a)(1) (Form G-325 is the FBI name check form).   Congress has mandated that all background checks be completed prior to adjudicating a naturalization application.  See Public Law105-119, Title I, 111 Stat. 2448, Nov. 26, 1997, which in part amended 8 U.S.C. § 1446, by mandating that no government funds may be used to complete adjudication of a naturalization application until full FBI background checks have been completed.  The Secretary of Homeland Security, through delegation to the USCIS Director, has of course, under the authority in §§ 1103 and 1105, determined that it is therefore necessary to complete all criminal and national security background checks prior to approval of any application for adjustment of status or naturalization.

The decisions and actions of USCIS to require withholding of approval of an adjustment of status application until the background checks fall squarely within the discretionary decision making authority of the Secretary of Homeland Security. See, e.g. Safadi v. Howard, 466 F. Supp. 2d 696 (E.D.Va. 2006); Grinberg v. Swacina, 478 F Supp. 2d 1350 (S.D. Fla. 2007).

## III. Conclusion

For the foregoing reasons and its previous Memoranda, Defendants respectfully renew their request that this Court transfer venue to Houston, Texas, where Plaintiff resides and where his naturalization application is pending before Defendant USCIS Houston's District Office. Further, Defendants alternatively renew their request that the Court dismiss this case for lack of subject matter jurisdiction .

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney


_____/s/_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney


_____/s/_____
WYNEVA JOHNSON, D.C. Bar #278515
Assistant United States Attorney
555 4th Street, N.W. Rm. E 4106
Washington, D.C. 20530

Of Counsel:

Pauline A. Appelbaum
USCIS Associate Regional Counsel
126 Northpoint, Room 2005
Houston, Texas  77060

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MOHAMMAD ABUSADEH, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:06-CV-02014 |
| | § | |
| DEPARTMENT OF HOMELAND | § | |
| SECURITY, THROUGH ITS | § | |
| SECRETARY, MICHAEL CHERTOFF, | § | |
| EMILIO GONZALEZ, DIRECTOR, | § | |
| UNITED STATES CITIZENSHIP AND | § | |
| IMMIGRATION SERVICES (USCIS), | § | |
| SHARON HUDSON, DISTRICT | § | |
| DIRECTOR, HOUSTON USCIS, AND | § | |
| ROBERT MUELLER, DIRECTOR, | § | |
| FEDERAL BUREAU OF INVESTIGATION, | § | |
| | § | |
| *Defendants*. | § | |
| | § | |

### SUPPLEMENTAL DECLARATION OF SHARON A. HUDSON

I, Sharon A. Hudson, declare as follows:

(1)         I am the District Director of the Houston, Texas, office of the United States
Citizenship and Immigration Services (USCIS) in the Department of Homeland Security
(DHS).  I oversee the adjudication of all applications for benefits including applications
for naturalization and ensure that, as a matter of my discretion, all applications for
benefits are processed and adjudicated in my office in a fair and impartial manner.  I have
held the position of District Director since March 31, 2005.  As part of my duties, I
oversee the naturalization oath ceremonies and ensure that each applicant approved for
naturalization continues to meet the statutory prerequisites for citizenship up to the
moment of the oath of allegiance and admission as a citizen of the United States.  Prior to

my appointment as District Director, I held various supervisory positions within the former Immigration and Naturalization Service over the last 33 years beginning in 1973. Among other appointments, I served as a Supervisory District Adjudications Officer, a Regional Adjudications Officer and a Senior Adjudications Officer at the District level, the Regional Office, and in Headquarters. I make this Supplemental Declaration based upon personal knowledge and information made known to me in the course of my professional duties.

(2)        This declaration fully incorporates the Declaration I signed in this matter on February 22, 2007.

(3)        (3) The mandatory national security background check, commonly referred to as the "FBI name check", which was instituted automatically when the Texas Service Center inputted the application for naturalization into the Claims 4 computer system on April 20, 2004, remains "PENDING" as of today, June 1, 2007.

(4)        Although an applicant may have satisfied several of the elements for naturalization, including the required number of years as a permanent resident, proficiency in the English language, and knowledge about the United States government, issues remaining for adjudication include whether the applicant has established that during the relevant periods he has been and still is a person of good moral character, that he is attached to the principles of the Constitution of the United States, and that he is well disposed to the good order and happiness of the United States. The latter three elements are required by 8 U.S.C. § 1427(a)(3), and they are often the most difficult ones to resolve. The FBI name check and other mandatory background checks help to resolve these three elements.

(5)        In the USCIS Houston district office, we currently have approximately 233 applicants for either adjustment of status or for naturalization who filed applications between December 2002 and March 31, 2004, prior to the filing by Mr. Abusadeh, and who therefore have been waiting longer than Mr. Abudsadeh for their FBI name check

2

completions.  The 233 applicants represent a very small portion of the over 48,944 applications on which the FBI name checks were completed and USCIS was able to complete adjudication in the USCIS Houston office during the relative time period (December 2002 through March 31, 2004).  USCIS monitors these pending cases very carefully on a weekly basis.

(6)      USCIS is committed to adjudicating cases on a first-in first-out basis to the best of our ability to maintain fairness and equality to all applicants for benefits.  USCIS management carefully exercises its discretion in requesting FBI expedites of pending name checks to ensure fairness and only requests expedites on cases that merit moving to the head of the line in such instances as military deployment, age-out cases, significant and compelling reasons such as critical medical conditions, and loss of social security or other subsistence benefits.  We have reviewed Mr. Abusadeh's file and see none of the factors present that merit an expedite request.  Please refer to Plaintiff's Exhibit C, the February 20, 2007, USCIS Update, that explains to the public the criteria by which each USCIS Field Office or District Office determines whether a particular case merits expediting ahead of other applicants.

Pursuant to 28 USC § 1746, I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed in Houston, Texas, on this 1st day of June, 2007.

*Sharon A. Hudson*

Sharon A. Hudson
District Director
USCIS, Houston, Texas

3